STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
ADRIENNE ZACK (CABN 291629)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7031
    FAX: (415) 436-6748
    adrienne.zack@usdoj.gov

Attorneys for Defendant National Transportation Safety Board

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DANKO MEREDITH, | CASE NO. 4:21-cv-6828-JST |
|     Plaintiff, | |
|   v. | **DEFENDANT'S ANSWER** |
| UNITED STATES NATIONAL TRANSPORTATION SAFETY BOARD, et al., | |
|     Defendants. | |

Defendant the National Transportation Safety Board ("NTSB" or "Defendant") hereby responds to the Complaint for Injunctive Relief filed by Plaintiff Danko Meredith ("Plaintiff") as follows:

1. Defendant lacks sufficient knowledge or information to admit or deny the factual allegations in Paragraph 1 and, on that basis, denies those allegations.

2. Defendant admits that on July 13, 2017, at or about 12:45 PDT, a CIRRUS SR22T, Registration Number N821SG, crashed near Sonoma Skypark Airport (0Q9). Defendant lacks sufficient knowledge or information to admit or deny the remaining factual allegations in Paragraph 2 and, on that basis, denies those allegations.

3. Defendant lacks sufficient knowledge or information to admit or deny the factual allegations in Paragraph 3 and, on that basis, denies those allegations.

4.  Defendant lacks sufficient knowledge or information to admit or deny the factual allegations in Paragraph 4 and, on that basis, denies those allegations.

5.  Defendant admits that on December 29, 2020, Plaintiff submitted a Freedom of Information Act ("FOIA") request to Defendant. Defendant admits that as of September 2, 2021, a production has not yet been made regarding this request. Defendant lacks sufficient knowledge or information to admit or deny the remaining factual allegations in Paragraph 5 and, on that basis, denies those allegations.

6.  Defendant lacks sufficient knowledge or information to admit or deny the factual allegations in Paragraph 6 and, on that basis, denies those allegations.

7.  Defendant lacks sufficient knowledge or information to admit or deny the factual allegations in Paragraph 7 and, on that basis, denies those allegations.

8.  Defendant lacks sufficient knowledge or information to admit or deny the factual allegations in Paragraph 8 and, on that basis, denies those allegations.

9.  Admit.

10. Defendant respectfully refers the Court to the cited authority for a full and accurate statement of its contents. To the extent that Plaintiff's characterization of the content of the authority is incomplete, mischaracterizes, or is inconsistent with the text of the authority, Defendant denies the allegations. Defendant lacks sufficient knowledge or information to admit or deny the factual allegations regarding Plaintiff's principal place of business and, on that basis, denies those allegations. However, Defendant does not contest venue in this district.

11. Defendant admits that Plaintiff purports to bring this action under the FOIA. Defendant respectfully refers the Court to the cited authority for a full and accurate statement of its contents. To the extent that Plaintiff's characterization of the content of the authority is incomplete, mischaracterizes, or is inconsistent with the text of the authority, Defendant denies the allegations. Defendant denies that Plaintiff is entitled to any relief.

12. Paragraph 12 contains Plaintiff's summary of its FOIA request. Defendant respectfully refers the Court to the referenced document for a full and accurate statement of its contents. To the extent that Plaintiff's characterization of the content of the document is incomplete, mischaracterizes, or

is inconsistent with the text of the authority, Defendant denies the allegations.

13. Defendant admits that Plaintiff's FOIA request was received on December 30, 2020. Defendant denies that the FOIA request was assigned case number FOIA-2021-000912014 and avers that it was assigned case number FOIA-2021-00091. Defendant respectfully refers the Court to the referenced document for a full and accurate statement of its contents. To the extent that Plaintiff's characterization of the content of the document is incomplete, mischaracterizes, or is inconsistent with the text of the authority, Defendant denies the allegations.

14. Defendant respectfully refers the Court to the referenced document for a full and accurate statement of its contents. To the extent that Plaintiff's characterization of the content of the document is incomplete, mischaracterizes, or is inconsistent with the text of the authority, Defendant denies the allegations.

15. Defendant respectfully refers the Court to the referenced document for a full and accurate statement of its contents. To the extent that Plaintiff's characterization of the content of the document is incomplete, mischaracterizes, or is inconsistent with the text of the authority, Defendant denies the allegations.

16. Defendant admits that as of September 2, 2021, a production has not yet been made regarding this request. Defendant denies the remaining allegations in Paragraph 16.

17. Defendant respectfully refers the Court to the cited authority for a full and accurate statement of its contents. To the extent that Plaintiff's characterization of the content of the authority is incomplete, mischaracterizes, or is inconsistent with the text of the authority, Defendant denies the allegations.

18. Defendant respectfully refers the Court to the cited authority for a full and accurate statement of its contents. To the extent that Plaintiff's characterization of the content of the authority is incomplete, mischaracterizes, or is inconsistent with the text of the authority, Defendant denies the allegations.

19. Deny.

20. Deny.

21. Defendant denies that Plaintiff exhausted its administrative remedies. However,

Defendant does not contend that exhaustion is required in this case.

Plaintiff's Prayer for Relief consists of Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief.

Defendant denies that a jury trial is available under the FOIA.

Defendant denies each and every allegation not previously admitted or otherwise qualified.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant reserves the right to assert additional affirmative defenses as their applicability is discovered throughout this action.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that:

1. Plaintiff takes nothing by its Complaint;
2. The Complaint be dismissed with prejudice;
3. Judgment be entered in favor of Defendant;
4. Defendant be awarded its costs of suit;
5. The Court award such other and further relief as it may deem proper.

DATED: October 8, 2021

Respectfully submitted,

STEPHANIE M. HINDS
Acting United States Attorney

*/s/ Adrienne Zack*
ADRIENNE ZACK
Assistant United States Attorney
Attorneys for Defendant

ANSWER
CASE NO. 4:21-CV-6828-JST        4