STEPHANIE M. HINDS (CABN 154284)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
ADRIENNE ZACK (CABN 291629)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36045
    San Francisco, California 94102
    Telephone (415) 436-7031
    Fax (415) 436-6748
    adrienne.zack@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DANKO MEREDITH,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES NATIONAL TRANSPORTATION SAFETY BOARD, et al.,<br><br>    Defendants. | Case No. 4:21-CV-6828-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

The parties to the above-captioned action jointly submit this INITIAL CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9:

**1. Jurisdiction and Service**

There are no issues regarding personal jurisdiction, venue, or service. Plaintiff brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B). All parties have been served.

**2. Facts**

This case pertains to a FOIA request submitted by Danko Meredith, PC, to the National Transportation Safety Board ("NTSB") on December 29, 2020. *See generally* Dkt. No. 1 ¶ 12. The request seeks materials related to Accident Number WPR17FA150. *Id.* Plaintiff filed the current

complaint on September 2, 2021.  The Complaint alleges that Defendant failed to fully respond to Plaintiff's FOIA request. *Id.* ¶ 16.

On November 15, 2021, NTSB produced 2,102 pages of documents and one video file in response to the FOIA request and withheld materials pursuant to exemption (b)(5) and (b)(6).  It noted that some materials had been referred to the Federal Aviation Administration ("FAA") and would be produced upon FAA's review.  A number of pages also remained under review at Cirrus Design Company ("Cirrus") for confidential business information, exemption (b)(4), and were being tentatively withheld.  Counsel for Plaintiff and counsel for Defendant conferred over the format of some of the materials produced, and on January 21, 2022, native files for certain materials in the November 2021 production were sent to Plaintiff.  On December 16, 2021, and January 25, 2022, FAA returned its portion of the request to Plaintiff.  On January 28, 2022, the initially withheld materials from Cirrus Design Company were also produced in full.

**3. Legal Issues**

The Freedom of Information Act requires that:

> Each agency, upon any request for records made under paragraph (1), (2) or (3) of this subsection, shall—
> (i) determine <u>within 20 days</u> (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination;
>
> [¶]
>
> (B)(i) In unusual circumstances as specified in this subparagraph, the time limits prescribed in either clause (i) or clause (ii) of subparagraph (a) may be extended by written notice to the person making such request setting forth the unusual circumstances for such an extension and the date on which a determination is expected to be dispatched.  <u>No such notice shall specify a</u>

<u>date that would result in an extension of more than ten working days,</u>
excepted as provided in clause (ii) of this subparagraph.

(ii) With respect to a request for which a written notice under clause (i) extends the time limits prescribed under clause (i) of subparagraph (A), the agency shall notify the person making the request if the request cannot be processed within the time limit specified in that clause and shall provide the person an opportunity to limit the scope of the request so that it may be processed within the time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request.

5 U.S.C. § 552(a)(6)(A) (underline added).

The following legal issues are in dispute: (1) whether Defendant failed to comply with these provisions of FOIA, and only released withheld documents after this FOIA action was filed; (2) whether and in what amount Plaintiff is entitled to an award of attorneys' fees and other litigation costs for having brought this FOIA action, *see id.* § 552(a)(4)(E)(i); and (3) whether Defendant is improperly withholding materials based on claimed FOIA exemptions.

Plaintiff also questions whether Defendant is improperly in possession of aircraft registration no. N821SG's recoverable data module and SD cards containing flight data in violation of 49 C.F.R. § 831.12 and should immediately return it to the aircraft's owner. Defendant's position is that this is not a cognizable claim under the FOIA suit.

The parties are attempting in good faith to resolve Plaintiff's claims informally. The parties anticipate that NTSB will provide a draft Vaughn index to facilitate the parties' discussions regarding the communications withheld under exemption 5. Although outside the scope of this litigation, the parties anticipate that NTSB will soon return the recoverable data module and SD cards containing the flight data of N821SG to the aircraft's owner.

**4. Motions**

There are no prior or pending motions. The parties are hopeful that this matter can be resolved through the meet and confer process. To the extent the parties' informal discussions do not resolve the entire case, the parties anticipate that this matter can be resolved on summary judgment. At this time,

the parties submit that scheduling any such motion is premature.  The parties are working in good faith to resolve the claims and issues in this action.  If such negotiations reach an impasse, the parties will submit a proposal for a summary judgment briefing schedule.

**5. Amendments to the Pleadings**

Plaintiff does not expect at this time to seek to amend the Complaint, provided NTSB immediately returns the recoverable data module and SD cards containing the flight data of N821SG to the aircraft's owner.

**6. Evidence Preservation**

Defendant acknowledges its duty to preserve relevant materials in accordance with applicable rules and case law.

**7. Disclosures**

Plaintiff will make their initial disclosures pursuant to Fed. R. Civ. P. 26 by the time of the case management conference.

Defendant contends that initial disclosures are not appropriate in this FOIA matter.

**8. Discovery**

To date, no discovery has been taken by any party.

Plaintiff's position is that the discovery limitations set forth in the Federal Rules of Civil Procedure are appropriate in this case but reserve their rights to apply to the Court for relief from these requirements.

Defendant's position is that discovery is generally not appropriate in FOIA actions, including this action.  *See Lane v. Department of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (discovery is limited in FOIA cases "because the underlying case revolves around the propriety of revealing certain documents"); *Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) (*citing Judicial Watch, Inc. v. Export–Import Bank*, 108 F. Supp. 2d 19, 25 (D.D.C. 2000)).

**9. Class Actions**

This case is not a class action.

**10. Related Cases**

Plaintiff's position is that there is a related action pending in the Superior Court of the State of

California, San Mateo County, Case No. 18-CIV-03641, which arose from the crash of aircraft registration no. N821SG.

Defendant's position is that at this time, it does not believe there are any related cases.

**11. Relief Sought**

Plaintiff seeks injunctive relief with respect to the documents responsive to its FOIA request. Plaintiff's prayer for relief asks this Court to (1) order NTSB to process and produce the requested documents; (2) award Plaintiff costs and fees in this action; (3) order NTSB to waive all FOIA processing fees; and (4) grant such other relief as the Court may deem just and proper. *See* Dkt. No. 1 at 4-5. Plaintiff also seeks the immediate return of the recoverable data module and SD cards containing flight data of aircraft registration no. N821SG.

Defendant denies that Plaintiff is entitled to any relief and seeks dismissal and costs.

**12. Settlement and ADR**

The parties have already informally met and conferred regarding issues in this matter and will continue to do so. The parties filed ADR Certifications requesting to discuss ADR selection at the case management conference with this Court. Dkt. Nos. 15 & 16. The parties have made some progress in resolving the claims in this case and will continue to discuss the withholdings which Plaintiff questions at this time. The parties would like to continue their discussions for approximately two more months following the status conference before determining whether the assistance of the Court is necessary.

**13. Consent to Magistrate for All Purposes**

Not applicable.

**14. Other References**

None.

**15. Narrowing of Issues**

The parties are in the process of meeting and conferring in an attempt to narrow the issues in this case and intend to continue to do so.

**16. Expedited Schedule**

This is not a case suitable for resolution under the Court's Expedited Trial Procedure.

**17. Scheduling**

The parties are working in good faith to resolve the claims and issues in this action. To the extent any issues remain after the meet and confer and/or settlement process is exhausted, the parties will submit a proposed trial and pre-trial schedule for this case for the court's approval.

**18. Trial**

Plaintiff's position is that this case should be tried by the court. The estimated length of trial is approximately 4 days. sDefendant's position is that this entire case will be resolved through the meet and confer process or on summary judgment.

**19. Disclosure of Non-Party Interested Entities or Persons**

Plaintiff's position is that StarStone Insurance, owner of the wreckage of aircraft registration no. N821SG has an interest in receiving the recoverable data module and SD cards containing flight data

Defendant is exempt from this requirement as a federal government entity.

**20. Such Other Matters As May Facilitate Just, Speedy and Inexpensive Resolution**

None.

**21. Professional Conduct**

Both parties' counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

DATED: February 8, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

*/s/ Michael Smith*[1]
MICHAEL S. DANKO
MICHAEL S. SMITH
Attorneys for Plaintiff

*/s/ Adrienne Zack*
ADRIENNE ZACK
Assistant United States Attorney
Attorneys for Defendant

---

[1] *In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in the filing of this document.*