MICHAEL S. DANKO (SBN 111359)
mdanko@dankolaw.com
MICHAEL S. SMITH (SBN 268756)
msmith@dankolaw.com
**DANKO MEREDITH**
333 Twin Dolphin Drive, Suite 145
Redwood Shores, CA 94065
Telephone: (650) 453-3600
Facsimile: (650) 394-8672

Attorneys for Plaintiff
DANKO MEREDITH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DANKO MEREDITH, a professional corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA NATIONAL TRANSPORTATION SAFETY BOARD, and DOES ONE through FIFTY, inclusive,<br><br>　　　　Defendants. | Case No. 4:21-cv-6828-JST<br><br>**PLAINTIFF'S RULE 26(a)(1) INITIAL DISCLOSURES**<br><br><br><br><br>Complaint Filed:　　September 2, 2021 |

**I.    Individuals likely to have discoverable information that may be used to support plaintiff's claims:**

Plaintiff's initial disclosure is made without the benefit of any discovery and prior to defendant's answers.  Plaintiff reserves the right to amend its disclosures to add additional witnesses.

//

//

//

A.    *Individuals Associated with Plaintiff*

| Name and Address | Information |
|---|---|
| Michael S. Smith<br>Danko Meredith<br>333 Twin Dolphin Dr., Ste 145<br>Redwood Shores, CA 94065 | Full knowledge of dispute |
| Miranda Gordon<br>Danko Meredith<br>333 Twin Dolphin Dr., Ste 145<br>Redwood Shores, CA 94065 | Full knowledge of dispute |
| Reena Kaur<br>Unknown – no longer employed by<br>Plaintiff Danko Meredith | Submission of the subject Freedom of Information Act Request on December 29, 2020 (hereinafter the "FOIA request") |

B.    *Individuals Associated with Defendant*

| Name and Address | Information |
|---|---|
| Thomas A. Winston<br>Aviation Safety<br>Flight Standards Service<br>Deputy Director, General Aviation<br>Safety Assurance<br>Federal Aviation Administration<br>777 S. Aviation Blvd, Suite 150<br>El Segundo, CA 90245 | Plaintiff's FOIA request; Defendant's November 15 16, 2021 production and partial denial determination of withholding documents based on statutory exemptions; Defendant's December 16, 2021 production and partial denial determination of withholding documents based on statutory exemptions. |
| Amelia McGill<br>Federal Aviation Administration<br>Western-Pacific Region<br>Flight Standards Division, AWP-200<br>777 S. Aviation Blvd.<br>El Segundo, CA  90245<br>amelia.mcgill@faa.gov | Plaintiff's FOIA request; Assigned FOIA Coordinator; Defendant's November 15, 2021 production and partial denial determination of withholding documents based on statutory exemptions; Defendant's December 16, 2021 production and partial denial determination of withholding documents based on statutory exemptions. |
| Melba D. Moye<br>FOIA Officer<br>Office of the Chief Information Officer<br>National Transportation Safety Board<br>Washington, D.C. 20594 | Plaintiff's FOIA request; Defendant's November 16, 2021 letter to the FAA for determination of whether to release 28 pages of records Defendant identified; Plaintiff's request to have the original data in its raw format produced; Defendant's January 21, 2022 production; Defendant's January 28, 2022 production. |
| Tamara Crawford<br>NTSB FOIA Requester Service Center<br>Washington, DC 20594<br>(202) 314-6540 | Plaintiff's FOIA request; Plaintiff's status request on June 16, 2021; Acknowledged that Defendant was unable to process request within the twenty-working day time limit required by 5 U.S.C. §552(a)(6)(A); Defendant's January 28, 2022 production. |
| Annjanette Cummins<br>Federal Aviation Administration<br>National FOIA Coordinator for ANM,<br>AAL & AWP Regions<br>FOIA Program Management Branch,<br>AFN-400<br>(206) 231-2034 | Plaintiff's FOIA request; assigned FOIA Coordinators. |

| Name and Address | Information |
| --- | --- |
| Kay Hatcher<br>Federal Aviation Administration<br>Civil Aerospace Medical Institute,<br>AAM-3<br>FOIA Coordinator<br>6500 S. MacArthur<br>P.O. Box 25082<br>Oklahoma City, OK  73125<br>(405) 954-7656 | Assigned FOIA Coordinator, and the initial due date for the National Transportation Safety Board to respond to plaintiff's FOIA request. |
| Dedra Goodman, Manager<br>FAA FOIA Program Office, AFN-400<br>Email: dedra.goodman@faa.gov | Point of Contact for the Federal Aviation Administration, its document production/withholdings/redactions. |
| Albert Nixon<br>National Transportation Safety Board | The electronically stored information contained on the Recoverable Data Module and secure digital (SD) cards belonging to Cirrus aircraft SR22T No. N821SG.  A copy of some/all of this data that he created on a "jump drive" and its physical whereabouts.<br><br>Correspondence exchanged within the National Transportation Safety Board, and with third-parties, including but not limited to: the Federal Aviation Administration, Cirrus Design Corporation, Continental Aerospace Technologies and Woodland Aviation concerning the crash of Cirrus aircraft SR22T Registration No. N821SG |
| Samantha Link<br>Aviation Accident Investigator<br>National Transportation Safety Board<br>505 South 336th Street, Suite 540<br>Federal Way, WA 98003 | The electronically stored information contained on the Recoverable Data Module and secure digital (SD) cards belonging to Cirrus aircraft SR22T No. N821SG.  A copy of some/all of this data that Albert Nixon created on a "jump drive."<br><br>Correspondence exchanged within the National Transportation Safety Board, and with third-parties, including but not limited to: the Federal Aviation Administration, Cirrus Design Corporation, Continental Aerospace Technologies and Woodland Aviation concerning the crash of Cirrus aircraft SR22T Registration No. N821SG |
| Charles Cates<br>Mechanical Engineer, Vehicle Recorder Division<br>National Transportation Safety Board<br>490 L'Enfant Plaza E, SW<br>Washington, DC 20594 | The electronically stored information contained on the Recoverable Data Module and secure digital (SD) cards belonging to Cirrus aircraft SR22T No. N821SG.  The physical whereabouts of these items.  A copy of some/all of this data that Albert Nixon created on a "jump drive." |

## II.    Categories and Locations of Documents:

1.    Plaintiff's correspondence regarding its FOIA request and requests for status updates.  Both Plaintiff and Defendant are in possession of these electronically stored

1    documents.

2         2.       Defendant's correspondence responding to Plaintiff's FOIA request and requests

3    for status updates.  Both Plaintiff and Defendant are in possession of these electronically stored

4    documents.

5         3.       Defendant's production and correspondence, dated November 15, 2021,

6    responding to Plaintiff's FOIA request.  Both Plaintiff and Defendant are in possession of these

7    electronically stored documents.

8         4.       Defendant's production and correspondence to the United States Department of

9    Transportation - Federal Aviation Administration, dated November 16, 2021.  Only Defendant

10   and the United States Department of Transportation - Federal Aviation Administration are in

11   possession of the twenty-eight (28) pages referenced in this letter.

12        5.       Defendant's production and correspondence, dated December 16, 2021.  Both

13   Plaintiff and Defendant, as well as the United States Department of Transportation - Federal

14   Aviation Administration, are in possession of these electronically stored documents.

15        6.       Defendant's production and correspondence, dated January 21, 2022,

16   responding to Plaintiff's FOIA request.  Both Plaintiff and Defendant are in possession of these

17   electronically stored documents.

18        7.       Defendant's production and correspondence, dated January 28, 2022,

19   responding to Plaintiff's FOIA request.  Both Plaintiff and Defendant are in possession of these

20   electronically stored documents.

21        8.       The electronically stored information contained on the Recoverable Data

22   Module (hereinafter "RDM") belonging to the Cirrus aircraft SR22T Registration No. N821SG.

23   Defendant released some of the information contained on the RDM to Plaintiff on January 21,

24   2022, but did not release all of it.  Defendant still has physical possession of the RDM, in

25   violation of 49 CFR § 831.12; its physical location is known only to Defendant.

26        9.       The electronically stored information contained on the secure digital (SD) cards

27   belonging to the Cirrus aircraft SR22T Registration No. N821SG.  Defendant has not released

28   any of this information to Plaintiff.  Defendant still has physical possession of the SD cards, in

1    violation of 49 CFR § 831.12; their physical location(s) is known only to Defendant.

2           10.     The electronically stored information contained on a "jump drive" created by

3    Defendant's employee Albert Nixon the secure digital (SD) cards belonging to the Cirrus

4    aircraft SR22T Registration No. N821SG.  Defendant has not released any of this information

5    to Plaintiff.  Defendant still has physical possession of the SD cards, in violation of 49 CFR §

6    831.12; their physical location(s) is known only to Defendant.

7           11.     National Transportation Safety Board Evidence Control for Accident Number

8    WPR17FA117.  This document describes Albert Nixon obtaining "3 CD cards. 1 Remote [*sic*]

9    Data Module" from the "Airplane wreckage at Schellville, CA" on "6/14 & 15/2017 [*sic*] and

10    releasing them to the "NTSB Recorder Lab" on July 19, 2017.  Both Plaintiff and Defendant

11    are in possession of this electronically stored document; its physical location is known only to

12    Defendant.

13           12.     Correspondence exchanged within the National Transportation Safety Board,

14    and with third-parties, including but not limited to: the Federal Aviation Administration, Cirrus

15    Design Corporation, Continental Aerospace Technologies and Woodland Aviation concerning

16    the crash of Cirrus aircraft SR22T Registration No. N821SG.

17

18    **III.     Computation of damages:**

19           Plaintiff continues to be deprived of documents that Defendant is wrongfully

20    withholding.  Furthermore, Plaintiff has suffered damages in attorneys' fee and costs as

21    follows:

22           Summons, Complaint, etc. filing fee:       $402

23           Postage:                           $ 10.02

24           Service of Summons, Complaint, etc.:      $90.98

25           <u>Attorney time (12.0 hours at $250/hour)</u>     <u>$3,000.00</u>

26           Total                             $3,503.00

27

28    //

**IV.    Insurance:**

Plaintiff is not aware of any insurance agreement under which any persons carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in favor of plaintiff or to indemnify or reimburse defendant for payments to satisfy the judgment.

**V.    Expert Testimony**

These disclosures do not include the names of any potential experts retained or consulted by Plaintiff.  Plaintiff will produce information relating to experts as may be appropriate under Federal Rule of Civil Procedure 26(a)(2) at the times provided by that Rule or any supervening order of this Court.

These disclosures do not constitute waiver of any work product protection and are without prejudice to any other issue or argument.

Dated:  February 15, 2022                    **DANKO MEREDITH**


By:    */s/ Michael S. Smith*
MICHAEL S. DANKO
MICHAEL S. SMITH
Attorneys for Plaintiff

1

## <u>CERTIFICATION OF SERVICE</u>

2

3         I, Fusi Hokafonu, hereby certify that a true and correct copy of the foregoing document

4  filed through the ECF system will be sent electronically to the registered participants as

5  identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those

6  indicated as non-registered participants on February 15, 2022.

7

8

9                                                              <u>/s/ Fusi Hokafonu</u>

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28